JUDGE CARTER

**13 CIV 1643**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TODD KREISLER,            )
                          )
            Plaintiff,    )
                          )
    v.                    )      Civil Action No. _____
                          )
CITY CINEMAS, LLC,        )
a Nevada limited liability company, )
d/b/a BEEKMAN THEATRE,    )
and TOWNHOUSE COMPANY, L.L.C., )
a New York limited liability company, )
                          )
            Defendants.   )
_____/



## COMPLAINT

Plaintiff, TODD KREISLER (hereinafter the "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint and sues CITY CINEMAS, LLC, a Nevada limited liability company, d/b/a BEEKMAN THEATRE, and TOWNHOUSE COMPANY, LLC, a New York limited liability company (hereinafter collectively the "Defendants"), for injunctive relief, attorney's fees, litigation expenses and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York City Human Rights Law and the New York State Executive Law and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "ADA"), the Administrative Code of the City of New York § 8-107 et. seq., (hereinafter referred to as the "New York City Human Rights Law"), and the New York State Executive Law § 296 et. seq., (hereinafter referred to as the "New York State Human Rights Law"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The New York

City and New York State claims are properly before this Court under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

2. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) in that all events giving rise to this lawsuit occurred in New York County, New York.

3. At the time of the Plaintiff's visit to BEEKMAN THEATRE, prior to instituting the instant action, TODD KREISLER (hereinafter referred to as "KREISLER") was a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility. Prior to filing this lawsuit, the Plaintiff personally visited BEEKMAN THEATRE, but was denied full and equal access to, and full and equal enjoyment of, the facilities within BEEKMAN THEATRE, which is the subject of this lawsuit.

4. The Defendants, CITY CINEMAS, LLC, a Nevada limited liability company, and TOWNHOUSE COMPANY, L.L.C., a New York limited liability company, are both authorized to conduct, and are conducting business within the State of New York. Upon information and belief, CITY CINEMAS, LLC is the lessee and/or operator of the Subject Facility, and owner of the improvements on the real property where the Subject Facility is located which are the subjects of this action, the business commonly referred to as BEEKMAN THEATRE located at 1271 Second Avenue, New York, New York 10021 (hereinafter referred to as "BEEKMAN THEATRE") which also maintains and controls the Subject Facility. Upon information and belief, TOWNHOUSE COMPANY, L.L.C., is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the business commonly referred to as the BEEKMAN THEATRE located at 1271 Second Avenue, New York, New York (hereinafter the "Subject Facility") which also maintains and controls the subject real property.

5. All events giving rise to this lawsuit occurred in the State of New York. Venue is

proper in this Court as the premises is located in New York County in the Southern District.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(a).

7. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, BEEKMAN THEATRE is a place of public accommodation in that BEEKMAN THEATRE operates as a business.

8. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

9. The Plaintiff is informed and believes, and therefore alleges, that BEEKMAN THEATRE has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1992.

10. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full, equal and safe access to, and full and equal and safe enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations at BEEKMAN THEATRE in derogation of 42 U.S.C. § 12101 et. seq. and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

11. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all of the accommodations and services offered at BEEKMAN THEATRE. Prior to the filing of this lawsuit, the Plaintiff visited the subject

property and was denied full and equal access to all of the benefits, accommodations and services of the Defendant, CITY CINEMAS, LLC's theatre. Prior to the filing of this lawsuit, KREISLER personally visited BEEKMAN THEATRE with the intention of using BEEKMAN THEATRE's facilities, but was denied full equal and safe access to the facilities within BEEKMAN THEATRE and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit BEEKMAN THEATRE in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at BEEKMAN THEATRE in violation of the ADA.

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

13. The Defendants' Subject Facility is in violation of 42 U.S.C. § 12181 et. seq., the ADA and 28 C.F.R. § 36.302 et. seq., the 2010 ADA Standards for Accessible Design (hereinafter referred to as the "2010 Standards") and are discriminating against the Plaintiff by failing to, inter alia:

    (i) Failure to provide the ADA compliant number of accessible seating dispersed throughout the theatre with lines of sight comparable to the general public, accessible fixed companion seating, and removable or folding armrests, in violation of 28 C.F.R. Part 36, Section 4.33 and the 2010 Standards.

    (ii) Failure to provide the ADA compliant comparable sight lines in the

Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.33 and the 2010 Standards

(iii) Failure to provide the requisite ADA compliant accessible seating in the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.33 and the 2010 Standards.

(iv) Failure to provide the requisite ADA compliant companion seating spaces in the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.33 and the 2010 Standards.

(v) Failure to provide ADA fully compliant restrooms in the Subject Facility, in violation of 28 C.F.R. Part 36 and the 2010 Standards due to the failure to insulate the pipes under the sink.

(vi) Failure to provide certain condiments, including but not limited to the butter dispenser and napkins, at an accessible height, in violation of 28 C.F.R. Part 36.

(vii) Failure to provide an ADA compliant accessible route to the box office ticket counter due, in part, to steps on the pathway to the stairs and escalator, in violation of 28 C.F.R. Part 36 and the 2010 Standards.

(viii) Failure to provide proper required accessible signage at inaccessible routes informing person with disabilities of an accessible route as required by section 4.1.2(7), 28 C.F.R. 36.

(ix) Failure to provide adequate directional and informational signage as required by § 4.1.3(16), 28 C.F.R. Part 36.

(x) Provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36 and the

2010 Standards.

(xi) Provide an ADA compliant box office ticket counter on the outside of the facility due to an impermissible height of the ticket counter in violation of 28 C.F.R. Part 36, section 7.2(2) and the 2010 Standards.

(xii) Provide an accessible food service and sales counter, where food and beverages are served, in accordance with 28 C.F.R. Part 36, Section 7.2 and the 2010 Standards, which requires that a portion of the counter which is a minimum of 36 inches (915 mm) in length shall be provided with a maximum height of 36 inches (915 mm) above the finished floor.

(xiii) Provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, § 4.30.4.

(xiv) Failure to provide and accessible route to the food service and sales counter, where popcorn, candy and refreshments are served due to steps on the route to the food service and sales counter.

14. Upon information and belief, there are other current violations of the ADA at BEEKMAN THEATRE and only once a full inspection is done can all said violations be identified.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 26, 1992. To date, the Defendants have failed to comply with this mandate.

**COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

17. The New York City Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …

NYC Admin. Code § 8-107(4)(a).

18. Defendants' CITY CINEMAS, LLC and TOWNHOUSE COMPANY, L.L.C. are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

19. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 16 as if set forth in their entirety here.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

20. The New York State Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability …

NYS Exec. Law § 296 (2)(a).

21. Defendants' CITY CINEMAS, LLC and TOWNHOUSE COMPANY, L.L.C. are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

22. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 19 as if set forth in their entirety here.

## ATTORNEY'S FEES AND COSTS

23. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

## DAMAGES

24. The Plaintiff demands ONE-THOUSAND DOLLARS ($1,000.00) in compensatory damages based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law.

## INJUNCTIVE RELIEF

25. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following relief:

A. The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA, the New York State Human Rights Law and the New York City Human Rights Law;

B. The Court enter an Order requiring the Defendants to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA; and requiring the Defendants to evaluate and

neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

C. The Court award reasonable attorney's fees, costs, and litigation expenses, and such other and further relief of suit, to the Plaintiff;

D. The Court award compensatory damages to the Plaintiff based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law;

E. The Court award such other and further relief as it deems just and proper.

Dated: March 11, 2013.
New York, New York

> Respectfully submitted,
>
> Adam T. Shore, Esq. (AS4825)
> Law Offices of Adam Shore, PLLC
> Attorney for Plaintiff
> 100 Park Avenue, Suite 1600
> New York, New York 10017
> Telephone:   (646) 476-4296
> Facsimile:    (646) 390-7422
> Email: ashore@lawofficesofadamshore.com