UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD KREISLER,<br><br>    Plaintiff,<br><br> -against-<br><br>CITY CINEMAS, LLC, D/B/A/ BEEKMAN THEATRE, AND TOWNHOUSE COMPANY, LLC,<br><br>    Defendants. | Case No.13-CV-1643 (WHP) (DCF)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL REQUESTED** |

   Defendant City Cinemas, LLC ("City Cinemas"), through its counsel Kelley Drye & Warren LLP, files this Answer and Affirmative Defenses to Plaintiff Todd Kreisler's Complaint (the "Complaint"):

## ANSWER

   City Cinemas specifically denies any and all allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint:

   1. City Cinemas admits that Plaintiff purports to bring the stated claims and that this Court has jurisdiction, but otherwise denies the allegations in Paragraph 1 of the Complaint.

   2. City Cinemas denies the allegation in Paragraph 2 of the Complaint on the ground that it states a legal conclusion.

   3. City Cinemas denies that Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Beekman Theatre (the "Premises") and otherwise denies having knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies those allegations.

4. City Cinemas denies the allegations in Paragraph 4 of the Complaint as to it except admits that it is a Nevada limited liability company, that it conducts business in New York State, and that it leases the Premises located at 1271 Second Avenue, New York, New York 10021. City Cinemas denies having knowledge or information sufficient to form a belief as to the allegations against Townhouse.

5. City Cinemas denies the allegations in Paragraph 5 of the Complaint except it admits that the Premises that is the subject of this action is located in this District.

6. City Cinemas denies the allegations in Paragraph 6 of the Complaint and refers the Court to the referenced statute for a complete statement of its history and terms.

7. City Cinemas admits that it operates a business at the Premises and denies the remaining allegations in Paragraph 7 of the Complaint and refers the Court to the referenced statute for a complete statement of its terms.

8. City Cinemas denies the allegations in Paragraph 8 of the Complaint on the ground that it states a legal conclusion and refers the Court to the referenced statute for a complete statement of its terms.

9. City Cinemas denies the allegations in Paragraph 9 of the Complaint.

10. City Cinemas denies the allegations in Paragraph 10 of the Complaint.

11. City Cinemas denies having knowledge or information sufficient to form a belief as to Plaintiff's intent to visit the Premises in the future and denies the remaining allegations in Paragraph 11 of the Complaint.

12. City Cinemas denies the allegations in Paragraph 12 of the Complaint and refers the Court to the referenced statute and regulation for a complete statement of their terms.

13. City Cinemas denies the allegations in Paragraph 13 of the Complaint and subparagraphs (i), (ii), (iii), (iv), (v), (vi), (vii), (viii), (ix), (x), (xi), (xii), (xiii), and (xiv) thereto except states that an inspection of the Premises will provide a true and accurate description of the Premises.

14. City Cinemas denies the allegations in Paragraph 14 of the Complaint.

15. City Cinemas denies the allegations in Paragraph 15 of the Complaint.

16. City Cinemas denies the allegations in Paragraph 16 of the Complaint and respectfully refers the Court to the referenced statute and regulation provisions for a complete statement of their terms.

17. City Cinemas denies the allegations in Paragraph 17 of the Complaint and refers the Court to the administrative code provision for a complete statement of its terms.

18. City Cinemas denies the allegations in Paragraph 18 of the Complaint.

19. Answering Paragraph 19 of the Complaint, City Cinemas repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 to 18 of the Complaint.

20. City Cinemas denies the allegations in Paragraph 20 of the Complaint and refers the Court to the referenced statute for a complete statement of its terms.

21. City Cinemas denies the allegations in Paragraph 21 of the Complaint.

22. Answering Paragraph 22 of the Complaint, City Cinemas repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 to 21 of the Complaint.

23. City Cinemas denies the allegations in Paragraph 23 of the Complaint and refers the Court to the referenced statutes for a complete statement of their terms.

24. City Cinemas denies that Plaintiff has suffered damages and, therefore, denies the allegations in Paragraph 24 of the Complaint.

25. City Cinemas denies the allegations in Paragraph 25 of the Complaint and refers the Court to the referenced statutes for a complete statement of their contents.

26. City Cinemas denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

27. Plaintiff fails to state a claim against City Cinemas upon which relief may be granted.

### SECOND DEFENSE

28. Plaintiff's claims are barred in whole or part because any modifications do not trigger the "alteration" legal standard.

### THIRD DEFENSE

29. Plaintiff's claims are barred because any alterations made to the Premises are sufficient in that they satisfy the "to the maximum extent feasible" standard to the extent applicable.

### FOURTH DEFENSE

30. Plaintiff's claims are barred in whole or part because architectural barriers in the Premises have been removed sufficient to satisfy the "readily achievable" standard to the extent applicable.

**FIFTH DEFENSE**

31. The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from City Cinemas.

**SIXTH DEFENSE**

32. Plaintiff's claims against City Cinemas are barred because City Cinemas has complied with all applicable regulations of the federal, state, and city governments.

**SEVENTH DEFENSE**

33. Plaintiff fails to allege facts or a cause of action against City Cinemas sufficient to support a claim for attorneys' fees.

**EIGHTH DEFENSE**

34. Plaintiff's claims are barred in whole or part pursuant to any applicable Statute of Limitations or other applicable time limitations.

**NINTH DEFENSE**

35. Plaintiff's claims are barred in whole or part pursuant to 28 C.F.R. § 36.403(f).

**JURY DEMAND**

City Cinemas requests a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE Defendant City Cinemas respectfully requests the Court to grant judgment as follows:

A. dismissing Plaintiff's Complaint with prejudice; and

B. such other further relief as the Court deems just and proper.

Dated: New York, New York  KELLEY DRYE & WARREN LLP
April 29, 2013

By: /s/ Brienne E. Henderson
   Robert I. Steiner
   Brienne E. Henderson
   101 Park Avenue
   New York, New York 10178
   Telephone: (212) 808-7800
   Facsimile: (212) 808-7897
   E-mail: rsteiner@kelleydrye.com
   E-mail: bhenderson@kelleydrye.com
   *Attorneys for Defendant
   City Cinemas, LLC*