Jeffrey S. Ettenger
Kaufman Dolowich Voluck & Gonzo LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100
Facsimile: (516) 681-1101
*Attorneys for Defendant, Townhouse Company, L.L.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TODD KRIESLER,

             Plaintiffs,

  -against-

CITY CINEMAS, LLC
A Nevada limited liability company,
d/b/a BEEKMAN THEATRE,
and TOWNHOUSE COMPANY, L.L.C.
a New York limited liability company

             Defendants.
-----------------------------------------------------------------X

Case No.:
13 CV 1643

**ANSWER**

  Defendant, Townhouse Company, L.L.C. (hereinafter referred to as "Defendant"), by its attorneys, Kaufman Dolowich Voluck & Gonzo, LLP, as and for its Answer to the Complaint, state as follows:

  1.  This Defendant can neither admit nor deny the allegations contained in Paragraph "1" of the subject Complaint, as it is compound and makes statements of both law and fact. Nevertheless, this Defendant denies that it has violated any law set forth in Paragraph "1" and denies all facts set forth by Plaintiff in Paragraph "1".

  2.  This Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "2" of the subject Complaint.

3. This Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "3" of the subject Complaint, but specifically denies that it discriminated against Plaintiff in any way.

4. This Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "4" of the subject Complaint, except admits that it owns the subject premises.

5. This Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "5" as to the subject Complaint.

## COUNT I-VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. This Defendant can neither admit nor deny the allegations contained in Paragraph "6" of the subject Complaint, as it makes statements of law. To the extent that any response is deemed required, this Defendant denies the allegations in Paragraph "6" of the subject Complaint.

7. This Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "7" of the subject Complaint, except admits that Beekman Theatre operates as a business.

8. This Defendant denies the allegations contained in Paragraph "8" of the subject Complaint.

9. This Defendant denies the allegations contained in Paragraph "9" of the subject Complaint.

10. This Defendant denies the allegations contained in Paragraph "10" of the subject Complaint.

11. This Defendant denies the allegations contained in Paragraph "11" of the subject Complaint.

12. This Defendant can neither admit nor deny the allegations contained in Paragraph "12" of the subject Complaint as it makes statements of law. To the extent that any response is deemed required, this Defendant denies the allegations in Paragraph "12" of the subject Complaint.

13. This Defendant denies the allegations contained in Paragraph "13" of the subject Complaint.

14. This Defendant denies the allegations contained in Paragraph "14" of the subject Complaint.

15. This Defendant denies the allegations contained in Paragraph "15" of the subject Complaint.

16. This Defendant denies the allegations contained in Paragraph "16" of the subject Complaint.

## COUNT II-VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

17. This Defendant can neither admit nor deny the allegations contained in Paragraph "17" of the subject Complaint, as it makes statements of law. To the extent that any response is deemed required, this Defendant denies the allegations in Paragraph "17" of the subject Complaint.

18. This Defendant denies the allegations contained in Paragraph "18" of the subject Complaint.

19. This Defendant repeats its responses to Paragraphs "1" through "16" of the subject Complaint as if set forth here at length.

## COUNT III-VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

20. This Defendant can neither admit nor deny the allegations contained in Paragraph "20" of the subject Complaint, as it makes statements of law. To the extent that any response is deemed required, this Defendant denies the allegations in Paragraph "20" of the subject Complaint.

21. This Defendant denies the allegations contained in Paragraph "21" of the subject Complaint.

22. This Defendant repeats its responses to Paragraphs "1" through "19" of the subject Complaint as if set forth here at length.

## ATTORNEY'S FEES AND COSTS

23. This Defendant denies the allegations contained in Paragraph "23" of the subject Complaint.

## DAMAGES

24. This Defendant denies that Plaintiff is entitled to the relief demanded in Paragraph "24" of the subject Complaint.

## INJUNCTION RELIEF

25. This Defendant can neither admit nor deny the allegations contained in Paragraph "25" of the subject Complaint, as it makes statements of law. To the extent that any response is deemed required this Defendant denies the allegations in Paragraph "25" of the subject Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. Each cause of action asserted against this Defendant fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by the statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred and precluded by the doctrine of waiver and estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred and precluded by the doctrine of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. The relief, in whole or in part, sought by the Complaint would constitute an undue burden to Defendants (42 U.S.C. §12182(b)(2)(A)(iii)).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31. To the extent discovery shows, the relief, in whole or in part, sought by the subject Complaint would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered at the Subject Facility. (42 U.S.C. §12182(b)(2)(A)(iii)).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. The relief, in whole or in part, sought in the subject Complaint is not readily achievable by Defendants (42 U.S.C. §12182(b)(2)(A)(iv)).

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

33. Plaintiff has failed to exercise reasonable diligence to mitigate his damages, if any damages were in fact suffered.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34. Defendant denies that any loss damage, or injury of any kind or character, of any sum or amount has been suffered by Plaintiff by reason of acts, omissions, carelessness, negligence, or intentional conduct on the part of defendant, or on the part of any of Defendant's agents, servants, employees, or any other person or persons acting or purporting to act on their behalf, or on behalf of any of them.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred because Plaintiff has failed to invoke and exhaust administrative remedies required to be invoked and exhausted prior to the commencement of any action for recovery on the grounds asserted.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

36. Plaintiff's claim are barred to the extent discovery shows that Plaintiff lacks standing to seek some portion or all of the relief sough in the complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

37. To the extent discovery shows, the relief sought by the Complaint, in whole or in part, would require disproportionate cost.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

38. The relief requested in the subject Complaint would be technically infeasible to perform.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

39. The relief requested in the subject Complaint requests alterations beyond those required by 28 C.F.R. § 36.403(f).

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

40. Plaintiff is seeking accommodations beyond any reasonable accommodations within the meaning of the New York City Human Rights Law, § 8-107(15)(b).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

41. This Defendant has not engaged in any "discriminatory practice" within the meaning of the New York State Executive Law, § 296(2)(c).

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

42. The relief requested in the subject Complaint requests changes to the Subject Premises that are not "readily achievable" within the meaning of the New York State Executive Law, § 296(2)(d)(i).

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

42. The relief requested in the subject Complaint requests changes to the Subject Premises that would impose an "undue burden" within the meaning of the New York State Executive Law, § 296(2)(d)(iii).

WHEREFORE, Defendant TOWNHOUSE COMPANY L.L.C. requests that this Court dismiss the Complaint in its entirety, together with costs, disbursements and attorney's fees, and such other and further relief that it deems just and proper.

Dated: Woodbury, New York
       May 3, 2013

KAUFMAN DOLOWICH VOLUCK & GONZO LLP
Attorneys for Defendant, Townhouse Company L.L.C.

_____
JEFFREY S. ETTENGER
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
(516) 681-1100

TO: Law Offices of Adam Shore, PLLC
    Attorneys for Plaintiff
    100 Park Avenue, Suite 1600
    New York, New York 10017
    (646) 476-4296
    Ashore@lawofficesofadamshore.com

ND: 4851-1627-1123, v. 1